IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| JAMES VALE<br>7583 Mission Hill Road<br>Suite 2212<br>Taylor, AZ 85939<br><br>      Plaintiff,<br><br>      v.<br><br>DOUGLAS A. COLLINS,<br>SECRETARY,<br>U.S. DEPARTMENT OF VETERANS AFFAIRS,<br>810 Vermont Avenue, NW<br>Washington, DC 20420<br><br>      Defendant. | Civil Action No.: _____<br><br>**Jury Demanded** |

## COMPLAINT

Plaintiff, James Vale, by and through undersigned counsel, files suit against the named Defendant for the cause of action stated as follows:

## INTRODUCTION

1. Plaintiff, James Vale ("Plaintiff" or "Mr. Vale") brings this civil action pursuant to Section 501 of the Rehabilitation Act, 1973, as amended, 29 U.S.C. §701 *et seq*. to enforce the decision of the Equal Employment Opportunity Commission ("EEOC"), Office of Federal Operations ("OFO").

2. Defendant, Douglas A. Collins ("Defendant" or "Secretary") has failed to comply with the decision of the EEOC OFO.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this Complaint pursuant to Section 501 of the Rehabilitation Act, 1973, as amended, 29 U.S.C. §701 *et seq,* and the Administrative Procedure Act, 5 U.S.C. §701 *et seq*., and the mandamus statute, 28 U.S.C. 1361.  Further, this Court has jurisdiction over this Complaint because there is diversity of the parties and a question of federal law is presented.  28 U.S.C. §§ 1331 (federal question) and 1332 (diversity).

4. Venue properly lies within this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).  Secretary Collins is an officer of the Agency, which is headquartered in the District of Columbia.  Secretary Collins Garland performs a significant amount of his official duties in the District of Columbia and resides, for the purposes of venue, within the District of Columbia.  *See, e.g., Bartman v. Cheney*, 827 F.Supp. 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in the District of Columbia for the purposes of 28 U.S.C. § 1391).

## PARTIES

5. Plaintiff is currently domiciled at 7583 Mission Hill Road, Suite 2212, Taylor, AZ 85939.  At all relevant times, Plaintiff was an employee of the United States Department of Veterans Affairs.  Plaintiff is a resident of Navajo County, Arizona, and a United States Citizen.

6. Secretary Collins is being sued in his official capacity as the Secretary for the United States Department of Veterans Affairs.

7. Defendant is subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of employees or agents of Defendant; in addition, Defendant is the employer of persons who have committed negligent, discriminatory acts

and/or omission against Plaintiff within the course and scope of their employment. Therefore, Defendant is liable pursuant to the doctrine of *Respondeat Superior*.

## EXHAUSTION OF REMEDIES

8. Plaintiff has exhausted all of his administrative remedies.

9. On January 15, 2017, Plaintiff filed a formal complaint of discrimination with the Agency's Equal Employment Opportunity Office alleging discrimination and a hostile work environment based on his disability (physical).

10. On February 21, 2017, Plaintiff timely filed a hearing request before the Equal Employment Opportunity Commission ("EEOC").

11. Per Plaintiff's election, on February 25, 2019, Defendant issued a Final Agency Decision ("FAD") finding by a preponderance of the evidence that Plaintiff was discriminated against when the Agency failed to reasonably accommodate his disability, but that Plaintiff failed to establish by a preponderance of the evidence that he was subjected to constructive discharge or a hostile work environment.

12. Plaintiff subsequently filed an appeal with the EEOC OFO of February 25, 2019. Specifically, Plaintiff appealed the finding that he was not constructively discharged or subjected to a hostile work environment.

13. On September 17, 2020, the OFO issued a decision finding the Defendant had discriminated against Plaintiff based on his disability for his entire complaint including constructive discharge. As a result, the OFO ordered, among other relief, that Defendant determine the appropriate amount of back pay with interest, leave, and other benefits due the Plaintiff for such benefits lost between September 30, 2016, effective of date of his resignation, and the date of his reinstatement or his declination of the

offer of reinstatement, and that the Defendant shall pay the amount within 60 days from the date of that determination of the appropriate amount.

14. On June 13, 2024, Plaintiff received a paper check for back pay in the amount of $306,591.00 but did not receive an explanation on the manner in which back pay was calculated.

15. On July 25, 2024, Plaintiff filed a Petition for Enforcement due to Defendant's failure to comply with the OFO's September 17, 2020 Order.

16. On October 11, 2024, Defendant filed documentation showing how it calculated Plaintiff's back pay award.

17. On November 2, 2024, Plaintiff notified the Compliance Officer that upon review of Defendant's final calculations of the back pay award, Defendant failed to properly calculate back pay.

18. On May 15, 2025, the OFO determined that the documentation submitted by Defendant was sufficient to demonstrate that Defendant had taken the corrective action(s) ordered in the Commission's decision.

19. Plaintiff now timely files this action pursuant to 29 C.F.R. § 1614.503(g).

## **FACTS**

20. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

21. During the relevant time period, Plaintiff was a Supervisory Senior Counsel, GS-15, at the Agency's Board of Veterans' Appeals (BVA) facility in Washington, D.C.

22. Plaintiff was subjected to discrimination and a hostile work environment based on his disability resulted in Plaintiff being wrongfully terminated effective September 30, 2016.

23. As a result, according to the OFO decision, Defendant was ordered to pay Plaintiff back pay.

24. Defendant paid Plaintiff back pay but improperly calculated Plaintiff's back pay. Specifically, Defendant underreported Plaintiff's income to Social Security (SSA) for 2016-2021, failed to apply the Federal Insurance Contributions Act (FICA)1 taxes deducted from the 2024 back pay award to the 2016-2021 back pay period, and VA failed to deduct $93,000 from the backpay award as requested by six TSP-1 forms.

## CAUSE OF ACTION

### COUNT ONE
### Back Pay Act
### 5 U.S.C. § 5596

25. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

26. Plaintiff proved by a preponderance of evidence that he was subjected to discrimination based on his disability due to Defendant's failure to accommodate him and resulting wrongful termination/constructive discharge.

27. As a result of Defendant's discriminatory actions against Complainant on the basis of his disability, Defendant was ordered by the OFO to pay Plaintiff back pay.

28. Defendant improperly calculated said back pay.

29. Due to Defendant's improper calculation of Plaintiff's back pay, Plaintiff has experienced losses to include loss of Thrift Savings Plan interest, an increase in federal

5

and state income tax liability, and a loss in his monthly Social Security Disability Insurance (SSDI) benefits.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court;

a. Recalculate and adjust Plaintiff's back pay award to address the issues raised herein;

b. Pay Plaintiff's reasonable attorneys' fees; and

c. Award such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

30. Plaintiff hereby incorporates by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

31. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present a clear and present danger to the employees of Defendant and could result in further illegal actions on the part of Defendant, by and through their respective agents, servants and employees.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*A Marques Pitre, Esq.*

A. MARQUES PITRE
(D.C. Bar No. 503119)
Pitre & Associates, LLC
Ronald Reagan Building and
International Trade Center
1300 Pennsylvania Avenue, N.W., Suite 700
Washington, DC 20004
Phone: 202-480-8909
Direct: 202-840-6797
Email: ampitre@ampitreassociates.com

*Counsel for Plaintiff*